## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 49140

| | | |
|---|---|---|
| In the Matter of: Jane Doe I, A Child Under Eighteen (18) Years of Age. | ) ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) ) | Filed: January 3, 2022 |
| Petitioner-Respondent, | ) ) | Melanie Gagnepain, Clerk |
| v. | ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT |
| JANE DOE (2021-40), | ) ) | BE CITED AS AUTHORITY |
| Respondent-Appellant. | ) ) ) | |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Andrew Ellis, Magistrate.

Judgment terminating parental rights, affirmed.

Anthony R. Geddes, Ada County Public Defender; Joshua D. Mills, Deputy Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Peter A. Mommer, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Chief Judge

Jane Doe (2021-40) appeals from the judgment terminating her parental rights. We affirm.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

Doe is the mother of the minor child in this action who was born in 2020. The child was born after Doe's three older children had been in foster care for thirteen months in a separate child

1

protection action.[1]  During that thirteen-month period, Doe failed to consistently engage in substance abuse treatment and urinalysis testing as required by her case plan.  To avoid removing the child from Doe's care, the Idaho Department of Health and Welfare developed a safety plan for the child that required the child's father to act as a "safety monitor" and protect the child from Doe when she consumed alcohol.  The child was eventually removed from Doe's care after both Doe and the father denied Doe had consumed alcohol, despite urinalysis testing that indicated the contrary.  The magistrate court subsequently awarded custody of the child to the Department, approved case plans for both Doe and the father, and held review hearings.  Ultimately, the Department petitioned to terminate Doe's parental rights.  The magistrate court terminated Doe's parental rights after finding clear and convincing evidence that Doe had neglected the child and that termination is in the child's best interests.[2]  Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion.  *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009).  The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated.  *Id.*  The Idaho Supreme Court has also said that the substantial evidence test requires a greater

---

[1]     By the time of the termination trial in this case, Doe's parental rights to the three older children were terminated in a separate proceeding.  Pursuant to a motion by the Department, the magistrate court took judicial notice of the findings of fact, conclusions of law, and decree from the prior termination proceeding.  Apparently, the magistrate court relied upon that document to make factual findings in this case.  The findings of fact, conclusions of law, and decree from the prior termination proceeding (along with all other exhibits admitted during the termination trial) are absent from the record on appeal.  As the appellant, it is Doe's obligation to supply an adequate record for appeal.  *See Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997).  Additionally, missing portions of the record are presumed to support the magistrate court's decision.  *Id.*  Ultimately, it is unnecessary to address the issue as Doe does not challenge the magistrate court's factual findings.

[2]     The magistrate court also terminated the father's parental rights to the child.  That decision is at issue in a separate appeal.

2

quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the trial court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

Doe argues that the magistrate court failed to "apply a presumption favoring reunification" and failed to "adequately consider her progress" when evaluating whether termination is in the best interests of the child. The Department responds that Doe failed to challenge all of the statutory grounds for termination, failed to argue that the alleged errors affected her substantial rights, and that substantial evidence supports the magistrate court's best interests determination. We affirm the magistrate court's termination decision.

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *Doe v. Dep't of Health & Welfare*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five

3

factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

The magistrate court found by clear and convincing evidence that Doe neglected the child under I.C. § 16-2005(1)(b) and that termination is in the child's best interests. Doe does not challenge the magistrate court's determination that she neglected the child. Rather, Doe faults the magistrate court for "failing to follow the legal standard that requires [it] to start with the presumption in favor of reunification" when considering whether termination is in the best interests of the child. Doe does not cite to any legal authority to support the existence of this alleged presumption--other than alluding to "legal standards" governing the best interests analysis that purportedly require it. Additionally, Doe has not presented a cogent argument on appeal regarding how the failure to apply the alleged presumption constitutes reversible error. This Court generally does not address issues not supported by cogent argument and citation to legal authority, even in a case terminating parental rights. *Idaho Dep't of Health & Welfare v. Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018). The Court, however, may address certain narrow issues involving due process violations despite the absence of supporting, cogent argument or citation to legal authority. *Idaho Dep't of Health & Welfare v. Doe (2017-32)*, 163 Idaho 536, 538, 415 P.3d 945, 947 (2018); *State v. Doe*, 144 Idaho 534, 536, 164 P.3d 814, 816 (2007). Doe does not argue that a due process violation occurred. Accordingly, Doe has waived any issue with regard to the failure to apply the alleged presumption.

Moreover, to the extent the presumption Doe contends was not properly applied is the one identified in *In re Doe*, 153 Idaho 258, 265, 281 P.3d 95, 102 (2012), favoring custody by a natural parent, her argument fails. The presumption that a natural parent should be awarded custody of a child over a nonparent (*i.e.*, an individual who is neither a legal nor natural parent) applies in termination proceedings. *Id.* This presumption precludes consideration of the best interests of the child when determining custody, unless the nonparent shows by "clear, satisfactory, or convincing" evidence the natural parent is unfit, abandoned the child, or that the child has lived with an adverse party for a period in excess of three years. *Idaho Dep't Health & Welfare v. Doe*

4

*(2020-10)*, 167 Idaho 78, 87 n.6, 467 P.3d 442, 451 n.6 (2020). As previously stated, the magistrate court found that the Department proved by clear and convincing evidence that Doe neglected the child. This finding, which Doe does not challenge on appeal, is sufficient to overcome the natural-parent presumption. *See id.* Moreover, the record does not indicate that the magistrate court impermissibly shifted the burden regarding Doe's fitness as a parent to her or otherwise reduced the Department's burden of proof. Accordingly, there is no merit to the contention that the magistrate court committed reversible error by failing to apply the presumption that favors placing a child in the custody of a fit parent.

Doe also argues that the magistrate court "failed to adequately consider her progress" in its best interests analysis. Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court found that termination is in the best interests of the child because Doe posed a "physical danger" to the child. The magistrate court found that Doe has "profound, untreated alcohol abuse concerns" and that violence occurs in her home when she abuses alcohol. During the underlying child protection action, Doe was charged with driving under the influence after she hit a parked car in the parking garage of her apartment building while having a blood alcohol concentration (BAC) of .279. About two weeks later, Doe was hospitalized after being discovered incapacitated in the same parking garage with a BAC of .543. The magistrate court also expressly noted that Doe's alcohol consumption contributed to violent conflicts with the child's father. A police officer testified about an incident during the underlying child protection

action in which an intoxicated Doe, with blood on her face and lip, reported being battered by the child's father. When questioned, the father informed the officer that Doe was the aggressor and that she had a drinking problem. The magistrate court further found that Doe "drinks regularly and when intoxicated she wanders the halls of [her] apartment building screaming and yelling." In support of this finding, the magistrate court noted the existence of two no-contact orders neighboring residents had obtained against Doe, one of which prohibited Doe from even walking past a neighbor's apartment. Also, a Department caseworker testified that Doe failed to complete substance abuse or mental health treatment as ordered in her case plan. Despite the evidence above, Doe steadfastly denied that she had any alcohol problem in her testimony during the termination proceeding. In light of Doe's poor case-plan performance and inability to acknowledge her alcohol addiction or address her mental health issues, the magistrate court concluded that Doe was a physical threat to the child and there was "little indication [Doe] would change her behaviors in the future." In further support of the conclusion that termination is in the best interests of the child, the magistrate court observed that the child had thrived and formed attachments in foster care with a family that was ready to adopt the child.

According to Doe, the magistrate court based its termination decision "solely on what is described as an addiction to alcohol" and her failure to "begin her journey to mental health and sobriety." Doe faults the magistrate court for allegedly disregarding the "positive progress" she made and her "actual conduct around the child." Specifically, Doe asserts that the magistrate court failed to adequately consider her observed conduct with the child, the safe condition of her home, her attendance of "some treatment sessions," and her "positive and appropriate" interactions with the child during visitations. In essence, Doe's assertions are an attempt to have this Court reweigh evidence. It is well established that appellate courts in Idaho do not reweigh evidence. *See Doe*, 144 Idaho at 842, 172 P.3d at 1117.

The magistrate court concluded that Doe's inability to acknowledge her substance abuse issues and her lack of compliance with her case plan indicated that she is unlikely to change her behaviors and will remain a physical danger to the child in the future. There is ample evidence to support these determinations. Although Doe attended some mental health treatment sessions during the underlying child protection action, she had made little progress and "soured relationships" with all of the mental health service providers who worked with her by the time of

the termination trial. Doe's performance addressing her alcohol abuse was similarly poor as she continually denied having a substance abuse issue, was terminated from a substance abuse treatment program due to nonattendance, and repeatedly failed to comply with urinalysis testing. Doe has failed to show error in the magistrate court's termination decision.

## III.

## CONCLUSION

Doe has waived her argument that the magistrate court applied an incorrect legal standard when evaluating whether termination is in the best interests of the child. Additionally, substantial, competent evidence supports the magistrate court's determination that termination served the best interests of the child. Doe has failed to show error in the magistrate court's decision to terminate her parental rights. Accordingly, the judgment terminating Doe's parental rights is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.